ACCEPTED
03-15-00518-CV
6553046
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/18/2015 8:04:37 PM
JEFFREY D. KYLE
CLERK

**TEXAS COURT OF APPEALS, THIRD DISTRICT AT AUSTIN**

## NO. **03-15-00518-CV**

**CITY OF SAN MARCOS, TEXAS**
*Appellant*

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/18/2015 8:04:37 PM
JEFFREY D. KYLE
Clerk

v.

**SAM BRANNON, COMMUNITIES FOR TEXAS THRIVING WATER FLUORIDE-FREE SAN MARCOS, MORGAN KNECHT AND KATHLEEN O'CONNELL**
*Appellees*

**FROM THE DISTRICT COURT OF HAYS COUNTY, TEXAS, 274th JUDICIAL DISTRICT, NO. 15-1266, HONORABLE R. BRUCE BOYER, PRESIDING JUDGE**

## <u>NOTICE TO COURT</u>

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW, APPELLEES, SAM BRANNON, COMMUNITIES FOR TEXAS THRIVING WATER-FLUORIDE FREE SAN MARCOS, MORGAN KNECHT AND KATHLEEN O'CONNELL (defendants in Case No. 15-1266; in the 274th District Court of Hays County, Texas) and would show the Court as follows:

1. Appellant, City of San Marcos, has filed a Notice of Accelerated Appeal with the trial court.

2. The substance of this controversy regards placement of a charter amendment on the ballot for the November, 2015 election.

3. Appellees request this Court take notice of the August 24, 2015 deadline under Section 3.005 of the Texas Election Code for Appellant to perform its ministerial duties to formally allow the otherwise valid measure to be placed on the November ballot. Appellant has consistently refused to perform said duties.

4. A copy the trial of trial court's findings are attached as Exhibit "A".

5. Appellees will suffer irreparable harm if the process is not expedited.

## **PRAYER**

Wherefore, Appelles would request that this Court take notice of the August 24th deadline and the irreparable harm they stand to suffer should the matter fail to be expedited.

Respectfully submitted,

/s/ Craig F. Young
CRAIG F. YOUNG
Attorney for Morgan Knecht
108 E. San Antonio
San Marcos, Texas 78666
512-847-7809
512-393-1212
SBN 00786367
cyoung@lawyer.com

/s/ Lynn Peach
LYNN PEACH
Attorney for Sam Brannon
174 S. Guadalupe, Ste. 101
San Marcos, Texas  78666
SBN 00792747
lynn@lynnpeachlaw.com
512-393-9991
888-428-0468 (fax)

/s/ Brad Rockwell
BRAD ROCKWELL
Attorney for Kathleen O'Connell and
Communities for Thriving Water-Fluoride
Free San Marcos
707 Rio Grande, Ste. 200
Austin, Texas  78701
SBN 17129600
brad@LF-lawfirm.com
512-469-6000
512-482-9346 (fax)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 18th day of August, 2015 a true and correct copy of the foregoing document was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Michael J. Cosentino
630 E. Hopkins
San Marcos, Texas  78666
512-393-8151
855-759-2846 (fax)
mcosentino@sanmarcostx.gov

<u>/s/ Craig F. Young</u>
Craig F. Young



## R. Bruce Boyer
*Judge, 22nd Judicial District Court*
Hays County Government Center · 712 S. Stagecoach Trail, Ste. 3240 · San Marcos, Texas 78666

August 14, 2015

Mr. Michael J. Cosentino                    Ms. Lynn Peach
630 E. Hopkins                              174 S. Guadalupe St.
San Marcos, Texas 78666                     Suite 101
                                            San Marcos, Texas 78666

Mr. Brad Rockwell                           Mr. Craig Young
P.O. Box 684881                             108 E. San Antonio St.
Austin, Texas 78768                         San Marcos, Texas 78666

*Re: Cause No. 15-1266; City of San Marcos, Texas v. Sam Brannon, Communities for Thriving Water-Fluoride Free San Marcos, Morgan Knecht and Kathleen O'Connell*

Counsel:

Having reviewed the pleadings, briefs, authorities and arguments submitted by counsel, the Court has reached the following opinions. In doing so the Court also takes note of the principle that the citizens' right to exercise their reserved legislative power should be liberally construed in favor of that power.

1.) Section 12.11 of the San Marcos City Charter controls the Charter amending process.

2.) Section 12.11 makes no reference incorporating other provisions or requirements found elsewhere in the Charter. It expressly states: that the Charter "...may be formed and submitted...in the manner provided by State Law. It does not provide that this is limited by or subject to other provisions of the City Charter.

3.) The amendment process is governed by Section 9.004 (d) of the Local Government Code and Section 277 of the Texas Election Code.

4.) The proposed amendment does not violate Section 9.004 (d) of the Local Government Code. Although it may include subparts, the effect is still one subject banning the introduction of fluoride and derivatives.

5.) The Court does not address the constitutionality of Charter Section 6.03 because as found herein above, the Section is not applicable to the proposed Charter amendment.

6.) Section 277.002 (b) requires the signature (s) to be in the signers own handwriting. It does not prescribe a method of verification, but would appear to require that the signatures not be photocopies or other reproductions.

7.) Section 9.004 does not expressly require that the ordinance calling an election be part of the proposed Charter amendment petition.

8.) Section 9.004 (c) requires a fiscal note be included in the Election notice, but does not require it in the proposed amendment petition.

As a consequence, the Court will require the City of San Marcos, through its appropriate official, to review the submitted petition to ascertain if it contains the original signatures of the percentage of qualified voters required by Section 9.004 (a) of the Local Government Code. The Codes do not require or prescribe a particular form of verification or affirmation, only that the signatures not be copies or reproductions.

If the petition qualifies, the City of San Marcos shall be required to follow the ministerial duty of calling for an election on the issues.

The Court does not rule on any other matter not addressed in this correspondence.

Counsel for Defendants shall draft and circulate appropriate order.

Sincerely,

R. Bruce Boyer
22nd District Judge



# R. Bruce Boyer
*Judge, 22nd Judicial District Court*
Hays County Government Center · 712 S. Stagecoach Trail, Ste. 3240 · San Marcos, Texas 78666

August 14, 2015

Mr. Michael J. Cosentino
630 E. Hopkins
San Marcos, Texas  78666

Ms. Lynn Peach
174 S. Guadalupe St.
Suite 101
San Marcos, Texas  78666

Mr. Brad Rockwell
P.O. Box 684881
Austin, Texas  78768

Mr. Craig Young
108 E. San Antonio St.
San Marcos, Texas  78666

*Re: Cause No. 15-1266; City of San Marcos, Texas v. Sam Brannon, Communities for Thriving Water-Fluoride Free San Marcos, Morgan Knecht and Kathleen O'Connell*

Counsel:

Having reviewed the pleadings, briefs, authorities and arguments submitted by counsel, the Court has reached the following opinions. In doing so the Court also takes note of the principle that the citizens' right to exercise their reserved legislative power should be liberally construed in favor of that power.

1.) Section 12.11 of the San Marcos City Charter controls the Charter amending process.

2.) Section 12.11 makes no reference incorporating other provisions or requirements found elsewhere in the Charter. It expressly states: that the Charter "...may be formed and submitted...in the manner provided by State Law. It does not provide that this is limited by or subject to other provisions of the City Charter.

3.) The amendment process is governed by Section 9.004 (d) of the Local Government Code and Section 277 of the Texas Election Code.

4.) The proposed amendment does not violate Section 9.004 (d) of the Local Government Code. Although it may include subparts, the effect is still one subject banning the introduction of fluoride and derivatives.

5.) The Court does not address the constitutionality of Charter Section 6.03 because as found herein above, the Section is not applicable to the proposed Charter amendment.

6.) Section 277.002 (b) requires the signature (s) to be in the signers own handwriting. It does not prescribe a method of verification, but would appear to require that the signatures not be photocopies or other reproductions.

7.) Section 9.004 does not expressly require that the ordinance calling an election be part of the proposed Charter amendment petition.

8.) Section 9.004 (c) requires a fiscal note be included in the Election notice, but does not require it in the proposed amendment petition.

As a consequence, the Court will require the City of San Marcos, through its appropriate official, to review the submitted petition to ascertain if it contains the original signatures of the percentage of qualified voters required by Section 9.004 (a) of the Local Government Code. The Codes do not require or prescribe a particular form of verification or affirmation, only that the signatures not be copies or reproductions.

If the petition qualifies, the City of San Marcos shall be required to follow the ministerial duty of calling for an election on the issues.

The Court does not rule on any other matter not addressed in this correspondence.

Counsel for Defendants shall draft and circulate appropriate order.

Sincerely,

R. Bruce Boyer
22nd District Judge